IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ONE BANK & TRUST, N.A.                                                                                    PLAINTIFF

v.                                         No. 4:11-cv-00567 KGB

CARMELO GALEA a/k/a CHARLES GALEA,
FAE A. GALEA, and ANTHONY W. IMBIMBO,
as Trustee of THE CARMELO GALEA FAMILY
INSURANCE TRUST                                                                                          DEFENDANTS

**ORDER**

On December 7, 2012, the Court entered judgment against defendants Carmelo Galea a/k/a Charles Galea and Anthony W. Imbimbo, as trustee of the Carmelo Galea Family Insurance Trust in favor of plaintiff One Bank & Trust, N.A. ("One Bank") in the amount of $2,324,154.92. Defendants have filed a motion to stay execution of the judgment pending resolution of their appeal to the United States Court of Appeals for the Eighth Circuit (Dkt. No. 76). They also seek a temporary stay until the Court rules on their motion. One Bank has responded. For the reasons that follow, defendants' request for a stay pending resolution of their appeal is granted on condition that defendants post a supersedeas bond in the amount of the judgment within ten days of the date of this order. Their request for a temporary stay is denied.

An appellant may obtain a stay of enforcement proceedings pending appeal by giving a supersedeas bond. Fed. R. Civ. P. 62(d). "Because the stay . . . deprives the appellee of the immediate benefits of his judgment, a full supersedeas bond should be the requirement in normal circumstances, such as where there is some reasonable likelihood of the judgment debtor's inability or unwillingness to satisfy the judgment . . . and where posting adequate security is practicable." *Federal Prescription Serv., Inc. v. American Pharm. Assoc.*, 636 F.2d 755, 760 (D.C. Cir. 1980). "However, where unusual circumstances exist, the district court may exercise

discretion to order a partially secured or unsecured stay of judgment." *Palm Properties, LLC v. Metropolitan Nat'l Bank*, 2010 WL 2976157 (E.D. Ark. July 22, 2010) (quotation omitted).

Defendants contend they should not be required to post a bond because Mr. Galea has assets that are many times the amount of the judgment. They note that Mr. Galea has represented a net worth in excess of $20 million. In the credit file memorandum maintained by One Bank, Mr. Galea's net worth was listed as $25,266,113.00 as recently as July 17, 2009. One Bank argues that the financial summary to which defendants refer is outdated, unverified, and does not clearly indicate that defendants will be able to pay the judgment upon resolution of the appeal.

Defendants have not shown that obtaining a bond would be impossible or impractical, and it is not apparent from their motion that they have the ability to pay the judgment in full upon resolution of the appeal. *Cf. Dillon v. City of Chicago*, 866 F.2d 902 (7th Cir. 1988) (holding that City of Chicago was not required to post a bond where the city made a showing through undisputed affidavits regarding the mode of payment, that payment would be made less than 30 days following resolution of the appeal, and that payment was guaranteed by the city's Corporate Payroll Fund); *Olympia Equip. Leasing Co. v. Western Union Tel. Co.*, 786 F.2d 794 (7th Cir. 1986) (affirming decision that posting of bond was not required where defendant made a showing that bond could not have been obtained without a letter of credit, which was unobtainable); *Federal Prescription Serv.*, 636 F.2d 755 (waiving bond requirement as to business that had a documented net worth of 47 times the amount of the judgment and that was well-established in the area). As One Bank points out, the financial summary is nearly four years old. Moreover it is unclear whether Mr. Galea's assets are liquid or susceptible to execution. *See Schreiber v. Kellogg*, 839 F. Supp. 1157 (E.D. Pa. 1993) (refusing to waive bond

requirement where substantial portion of judgment debtor's assets were protected from the reach of creditors by spendthrift trust provisions). According to One Bank, a substantial portion of Mr. Galea's net worth consists of the value of his business, Microtool, which, along with Mr. Galea's other assets, is located in California. Defendants have not disputed these assertions. For these reasons, the Court will not waive the bond requirement.

In the alternative, defendants request permission to post a certificate of deposit in an interest bearing account in a federally insured depository institution in the amount of the judgment as alternative security. Courts have discretion to accept security other than a bond. *Federal Prescription Serv.*, 636 F.2d 755; *see, e.g.*, *Ligurotis v. Whyte*, 951 F.2d 818 (7th Cir. 1992) (letter of credit); *Winfrey v. Simmons Foods, Inc.*, 2006 WL 2792166 (W.D. Ark. Sept. 28, 2006) (escrow arrangement). Defendants contend that a certificate of deposit would adequately secure payment of the judgment because it is easily liquidated and its value is certain. One Bank disagrees, arguing that its ability to collect the judgment may be put at risk by certain events that would not affect a supersedeas bond, such as one of the defendants filing for bankruptcy or the depository institution failing. In light of these concerns, and absent a showing that defendants cannot obtain a supersedeas bond, the Court will not accept a certificate of deposit as alternative security.

Defendants also seek a temporary stay of execution until such time that the Court rules on the present motion, noting that One Bank has begun garnishment proceedings. Defendants cite no authority permitting such a stay, and, as One Bank argues, Rule 62(d) does not appear to provide for one. *See* Fed. R. Civ. P. 62(d) ("The stay takes effect when the court approves the bond."). Moreover, a stay would not apply retroactively to any garnishment proceedings commenced prior to the stay. *Johns v. Rozet*, 826 F. Supp. 565, 568 (D.D.C. 1993); 12 *Moore's*

*Federal Practice* § 62.03 (3d ed.); *see Meredith v. Baldwin Piano, Inc.*, No. 3:08-cv-00046 SWW (E.D. Ark. April 8, 2010).  Defendants' request for a temporary stay is, therefore, denied.

\* \* \*

For the foregoing reasons, defendants' motion to stay execution of the judgment pending appeal is granted on condition that defendants post a supersedeas bond in the amount of the judgment within ten days of the date of this order.  Defendants' request for a temporary stay is denied.

SO ORDERED this 25th day of February, 2013.

_____
Kristine G. Baker
United States District Judge